**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4899**

—————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ANGEL FERNANDEZ,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:10-cr-00131-RJC-1)

—————

Submitted:  October 30, 2012         Decided:  November 8, 2012

—————

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Fernandez appeals his conviction and the 140-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and to possess with intent to distribute black tar heroin, in violation of 21 U.S.C. § 846 (2006), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Fernandez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether the sentence imposed was unreasonable and whether Fernandez was denied effective assistance of counsel in the district court. Fernandez was advised of his right to file a pro se supplemental brief but he did not file one.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure the district court committed no significant procedural error, such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, taking into account the totality

2

of the circumstances. <u>Gall</u>, 552 U.S. at 51. A sentence within or below a properly calculated Guidelines range is accorded an appellate presumption of reasonableness. <u>United States v. Susi</u>, 674 F.3d 278, 289 (4th Cir. 2012). We have reviewed the record and conclude that Fernandez's below-Guidelines sentence is both procedurally and substantively reasonable.

Turning to Fernandez's contention that his counsel was ineffective, such claims are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir 2008). To allow for adequate development of the record, a defendant ordinarily should bring an ineffective assistance claim in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we conclude that the record on appeal does not conclusively establish that Fernandez's counsel was ineffective, we decline to consider this issue on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Fernandez's convictions and sentence. This court requires that counsel inform Fernandez, in writing, of his right to petition the Supreme Court of the United States for further review. If Fernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4